PAUL J. HETZNECKER, ESQUIRE
Attorney I.D. No. 49990
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
(215) 893-9640                          Attorney for Plaintiff, Eric Adams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC ADAMS                                    : | CIVIL ACTION |
| 2837 Cross Street                             : | |
| Philadelphia, PA   19146                      : | |
|           Plaintiff   : | |
|    v.                           : | NO. |
|             : | |
| CORRECTIONAL OFFICER S. S. CHRISTIAN          : | |
| Individually and in Official Capacity as      : | |
| Correctional Officer at the Curran Fromhold   : | |
| Correctional Facility                         : | |
| 7901 State Road                               : | JURY TRIAL |
| Philadelphia, PA 19136                        : | DEMANDED |
|     and                    : | |
| CORRECTIONAL OFFICER E. KOC                   : | |
| Individually and in Official Capacity as      : | |
| Correctional Officer at the Curran Fromhold   : | |
| Correctional Facility                         : | |
| 7901 State Road                               : | |
| Philadelphia, PA 19136                        : | |
|     and                    : | |
| CORRECTIONAL OFFICER C. GUTIERREZ             : | |
| Individually and in Official Capacity as      : | |
| Correctional Officer at the Curran Fromhold   : | |
| Correctional Facility                         : | |
| 7901 State Road                               : | |
| Philadelphia, PA 19136                        : | |
|     and                    : | |

- 1 -

CORRECTIONAL OFFICER G. RODRIGUEZ            :
Individually and in Official Capacity as            :
Correctional Officer at the Curran Fromhold            :
Correctional Facility            :
7901 State Road            :
Philadelphia, PA 19136
            and            :
SERGEANT SANTIAGO            :
Individually and in Official Capacity as Sergeant            :
at the Curran Fromhold Correctional Facility            :
7901 State Road            :
Philadelphia, PA 19136            :
            and            :
COMMISSIONER BLANCHE CARNEY            :
Individually and as Commissioner of Prisons            :
c/o City of Philadelphia – Law Department            :
1515 Arch Street            :
Philadelphia, PA 19103            :
            and            :
WARDEN JOHN/JANE DOE            :
Individually and in Official Capacity as Warden            :
at the Curran Fromhold Correctional Facility            :
7901 State Road            :
Philadelphia, PA 19136            :
            and            :
DEPUTY WARDEN JOHN/JANE DOE            :
Individually and in Official Capacity as Deputy Warden:
at the Curran Fromhold Correctional Facility            :
7901 State Road            :
Philadelphia, PA 19136            :
            and            :
DEPUTY WARDEN JOHN/JANE DOE            :
Individually and in Official Capacity as Deputy Warden:
at the Curran Fromhold Correctional Facility            :
7901 State Road            :
Philadelphia, PA 19136            :
            and            :
CITY OF PHILADELPHIA            :
City of Philadelphia - Law Department            :
1515 Arch Street, 15th Floor            :
Philadelphia, PA 19103            :
                        Defendants            :

- 2 -

## COMPLAINT

1.    This is a complaint for money damages brought pursuant to 42 U.S.C. §1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution, and under the Commonwealth of Pennsylvania Constitution. Jurisdiction is based upon 28 U.S.C. §1331 and 1343 and, pendent jurisdiction of this court to consider claims under state law.

## PARTIES

2.    Plaintiff, Eric Adams, at all times relevant to this Complaint, was a pretrial detainee being housed at the Curran Fromhold Correctional Facility at 7901 State Road, Philadelphia, PA 19136.

3.    Defendant, Correctional Officer S. S. Christian, is and was at all times relevant to this Complaint, a Correctional Officer with the City of Philadelphia, Department of Corrections and acting under the color of state law.  She is being sued in both her individual and official capacity.

4.    Defendant, Correctional Officer E. Koc is, and was at all times relevant to this Complaint, a Correctional Officer with the City of Philadelphia, Department of Corrections and acting under the color of state law.  He is being sued in both his individual and official capacity.

5.    Defendant, Correctional Officer C. Gutierrez is, and was at all times relevant to this Complaint, a Correctional Officer with the City of Philadelphia, Department of Corrections and acting under the color of state law.  He is being sued in both his individual and official capacity.

6.    Defendant, Correctional Officer G. Rodriguez is, and was at all times relevant to

- 3 -

this Complaint, a Correctional Officer with the City of Philadelphia, Department of Corrections and acting under the color of state law. He is being sued in both his individual and official capacity.

7. Defendant, Sergeant Santiago is, and was at all times relevant to this Complaint, Sergeant with the City of Philadelphia, Department of Corrections and acting under the color of state law. He is being sued in both his individual and official capacity.

8. Defendant, Commission Blanche Carney is, and was at all times relevant to this Complaint, Commissioner with the City of Philadelphia, Department of Corrections and acting under the color of state law. She is being sued in both her individual and official capacity.

9. Defendant, Warden John/Jane Doe is, and was at all times relevant to this Complaint, Warden at the Curran Fromhold Correctional Facility with the City of Philadelphia, Department of Corrections and acting under the color of state law. He/she is being sued in both his/her individual and official capacity.

10. Defendant, Deputy Warden John/Jane Doe, is, and was at all times relevant to this Complaint, Deputy Warden at the Curran Fromhold Correctional Facility, with the City of Philadelphia, Department of Corrections and acting under the color of state law. He/she is being sued in both his/her individual and official capacity.

11. Defendant, Deputy Warden John/Jane Doe, is, and was at all times relevant to this Complaint, Deputy Warden at the Curran Fromhold Correctional Facility, with the City of Philadelphia, Department of Corrections and acting under the color of state law. He/she is being sued in both his/her individual and official capacity.

- 4 -

12.     Defendant City of Philadelphia, Pennsylvania is a municipal corporation and the public employer of the individually named defendants.

## FACTS

13.     On November 10, 2016, the Plaintiff, Eric Adams was a pretrial detainee housed at the Curran-Fromhold Correctional Facility in Philadelphia, PA on D-2 Pod 4.  At some point during the day on November 10, 2016 an unknown inmate, not Plaintiff, screamed at Defendant Correctional Office S. Christian.  In response, Defendant Officer S. Christian mistakenly assumed that it was the Plaintiff and approached the Plaintiff in an aggressive manner, accusing the Plaintiff of screaming at her.

14.     The Plaintiff informed Defendant Officer S. Christian that she was mistaken and that was he was not the person who screamed at her.  In response, Defendant, Correctional Officer S. Christian pulled out a can of pepper spray and pointed at the Plaintiff whereupon the Plaintiff responded to Correctional Officer S. Christian by stating "I didn't say it miss, so please don't mace me."  Plaintiff repeated his denial by stating "I'm telling you miss, don't mace me. I just told you that I didn't say it."

15.     An unidentified correctional officer approached the Plaintiff at which time the Plaintiff told the other correctional officer to inform Defendant Officer S. Christian, that she was mistaken.  Specifically, that she was "tripping."

16.     Following that statement, Defendant Officer S. Christian sprayed pepper spray into the Plaintiff's eyes. The Plaintiff responded by putting his hands over his eyes to block a further attack.  Plaintiff was unable to do anything physically other than cover himself and try to rub the

- 5 -

pepper spray out of his eyes.   Plaintiff was immediately handcuffed by one of the defendants.

17.   After the Plaintiff was handcuffed, Defendant Correctional Officer E. Koc, Defendant Correctional Officer Gutierrez, Defendant Correctional Officer Rodriguez and Sergeant Santiago grabbed the Plaintiff and threw him to the ground and began striking the Plaintiff. While handcuffed on the ground, the Plaintiff suffered repeated blows to his head and face by the above named defendant Correctional Officers. Upon information and belief, the Plaintiff was pepper sprayed a second time while handcuffed on the ground.

18.   At one point while the Plaintiff turned his head in an effort to protect himself, he observed Defendant Officer Christian with a key in her hand.   While the Plaintiff was on the ground and during the beating by the above named Defendant Officers, with the key still in her hand, Defendant Officer Christian began stabbing the Plaintiff in his face with the key striking his face near his eye.

19.   After Defendant Christian had struck the Plaintiff in his face with the key, the named Defendant Officers, Koc, Gutierrez, Rodriguez, and Sergeant Santiago stopped striking the Plaintiff.

20.   At no time did the Plaintiff attempt to attack Correctional Officer Christian, or any other Correctional Officer.   The Plaintiff suffered two abrasions to his upper lip, abrasions to his face and a puncture wound on his face near his eye, causing pain and obstruction of his vision.

21.   Later that same day, November 10, 2016, the Plaintiff was charged with violating several administrative regulations, specifically, assault on staff, disrespect, disturbance, and violating rules of the institution.

- 6 -

22.     On the Inmate Misconduct form, the defendant Correctional Officer S. Christian reported that while on D2, Pod 4. As Defendant Christian was there to assist with medication, Defendant Christian falsely asserted that she ordered the Plaintiff several times to take the medication in his cell and that the Plaintiff didn't comply with that order. Defendant, Correctional Officer Christian, falsely alleged that Plaintiff was informed that if he didn't take it in his cell he would be pepper sprayed, at which time the Plaintiff still did not comply.

23.     Defendant, Correctional Officer Christian, falsely alleged that the Plaintiff did not comply with her order. Defendant, Sergeant Santiago, did arrive on the unit, however, falsely alleged that as a result of the Plaintiff's refusal to comply, the Sergeant ordered Defendant Christian to pepper spray the inmate.

24.     Defendant Correctional Officer Christian falsely alleged that the Plaintiff got into a fighting position and swung on Defendant Correctional Officer Christian.  Upon information and belief, this false allegation was used in order to justify the unlawful use of excessive force on the Plaintiff.  Furthermore, the false accusation against the Plaintiff was used in an effort to further punish him by placing him in the segregation unit.

25.     Upon information and belief, the Plaintiff was locked in the segregation unit twenty-three (23) hours a day for the next four (4) months without a legal basis as it was based entirely on the false allegations set forth above. During the period of punitive segregation the Plaintiff was deprived of visits with his family and to regularly communicate with them.

26.     As a result of these false allegations by the Defendant Correctional Officers, the Plaintiff was deprived of his ability to have a physical visit with his family for two months.

Finally, when family visits were permitted the Plaintiff was deprived of contact visits and could only visit them with a glass barrier between them.

## COUNT I

### EXCESSIVE FORCE PURSUANT TO 42 U.S.C. §1983

27.     Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28.     On or about November 10, 2016, Defendant Correctional Officer S. Christian, without legal justification, acted alone, jointly, or in concert with another, and while acting under the color of state law, did use excessive force upon the Plaintiff by deploying pepper spray into the Plaintiff's face and then hit him with repeated blows to his face and head.   At one point Defendant Christian struck the Plaintiff in the face with a key which resulted in an injury near his eye.

29.     As a result of the conduct of Defendant Correctional Officer S. Christian, the Plaintiff suffered extreme pain, including two abrasions to his upper lip and a puncture mark on his face near his eye resulting in a permanent scar, causing pain and obstruction of his vision, as well as other abrasions on his face.   The Plaintiff suffered and continues to suffer psychological injury as a result of the assault by Defendant Correctional Officer S. Christian.

30.     The Defendant Correctional Officer S. Christian, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as 42 U.S.C. §1983.

- 8 -

## COUNT II

### EXCESSIVE FORCE PURSUANT TO 42 U.S.C. §1983

31.     Paragraphs 1 through 30 are incorporated herein by reference as though fully set forth.

32.     On or about November 10, 2016, after the Plaintiff was peppered sprayed by the Defendant Christian, Defendant Correctional Officer E. Koc, Defendant Correctional Officer Gutierrez, Defendant Correctional Officer Rodriguez and Sergeant Santiago grabbed the Plaintiff and threw him to the ground. While on the ground, the Plaintiff suffered repeated blows to his head and face by the above named defendant Correctional Officers. Defendant Officers E. Koc, Gutierrez, Rodriguez and Sergeant Santiago, without legal justification, acted alone, jointly, or in concert with another, and while acting under the color of state law, did use excessive force upon the Plaintiff by striking the Plaintiff with repeated blows to his face and head.

33.     As a result of the conduct of the above named Defendants, Koc, Gutierrez, Rodriguez and Santiago, the Plaintiff suffered extreme pain, including two abrasions to his upper lip and a puncture mark on his face near his eye, causing pain and obstruction of his vision, as well as other abrasions on his face.   The Plaintiff suffered and continues to suffer psychological injury as a result of the assault he suffered from the above named Defendants.

34.     The Defendant Correctional Officers Koc, Gutierrez, Rodriguez and Sergeant Santiago, while acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as 42 U.S.C. §1983.

## COUNT III

### CONSPIRACY TO COMMIT EXCESSIVE FORCE
### PURSUANT TO 42 U.S.C. §1983

35.    Paragraphs 1 through 34 are incorporated herein by reference as though fully set forth.

36.    On or about November 10, 2016, Defendant Correctional Officer S. Christian, Defendant Officer Koc, Defendant Officer Gutierrez, Defendant Officer Rodriguez and Sergeant Santiago acting under the color of state law, engaged in a conspiracy, that is the above-named Defendants acted jointly and in concert with one another, and with deliberate indifference to use of excessive force upon the Plaintiff.  The conspiracy to use excessive force by Defendant Officers, Christian, Koc, Gutierrez, Rodriguez and Sergeant Santiago occurred following Defendant Officer Christian's decision to deploy the pepper spray at the Plaintiff.  As a result of the above-named Defendant's concerted actions, the Plaintiff suffered injuries to his face and head, including injuries to his upper lip and a puncture wound on his face near his eye.

37.    Defendant Correctional Officers Christian Koc, Gutierrez, Rodriguez and Santiago while acting under the color of state law, acted jointly and/or in concert and conspiracy with one another, violated the Plaintiff's right to be free from the use of excessive force.

38.    Defendants S. Christian, Koc, Gutierrez, Rodriguez and Santiago conspired to violate the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as 42 U.S.C. §1983.

- 10 -

## COUNT IV

### VIOLATION OF DUE PROCESS
### PURSUANT TO 42 U.S.C. §1983

39.    Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

40.    Upon information and belief, Defendant Correctional Officer S. Christian, Correctional Officer E. Koc, Correctional Officer C. Gutierrez, Correctional Officer G. Rodriguez, Sergeant Santiago, Commissioner Blanche Carney, Warden John/Jane Doe, Deputy Warden John/Jane Doe, and Deputy Warden John/Jane Doe , all acting under the color of state law, caused Plaintiff to be falsely charged in an administrative process with assault on Defendant Correctional Officer S. Christian, and other false charges, resulting in the Plaintiff's confinement in punitive segregation for a period of four months.

41.    Upon information and belief, and despite clear evidence, the Plaintiff was wrongfully charged with administrative charges with respect to the above mentioned incident involving Defendant Correctional Officer S. Christian and the other individually named Defendants.

42.    Upon information and belief, and following a hearing, the Plaintiff's appeal was denied by Defendant Warden John Delaney and Defendant Commissioner Blanche Carney.  The Defendants, while acting under the color of state law, falsely charged and unlawfully placed the Plaintiff in punitive segregation, confined in a cell with limited access to commissary, telephone calls and visits for a period of four (4) months, all in violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as 42

- 11 -

U.S.C. §1983.  As a direct and proximate cause of all the named and unnamed Defendants unlawful actions, the Plaintiff suffered psychological harm, emotional pain and suffering.

## COUNT V

## CONSPIRACY TO VIOLATE OF DUE PROCESS PURSUANT TO 42 U.S.C. §1983

43.     Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth.

44.     Upon information and belief, Defendant Correctional Officer S. Christian, Correctional Officer E. Koc, Correctional Officer C. Gutierrez, Correctional Officer G. Rodriguez, Sergeant Santiago, Commissioner Blanche Carney, Warden John/Jane Doe, Deputy Warden John/Jane Doe, and Deputy Warden John/Jane Doe, all acting under the color of state law, conspired to cause the Plaintiff to be falsely charged through an administrative hearing based upon false charges including assault on Defendant Correctional Officer Correctional Officer S. Christian, and placed him in punitive segregation for a period of four months.  Despite clear evidence the Plaintiff should not have been charged with these offenses with respect to the above incident and by the denial of his appeal by the Defendant Warden John Delaney and Defendant Commissioner Blanche Carney.

45.     Upon information and belief, the Defendants, while acting under the color of state law, falsely charged and adjudicated him guilty and then unlawfully placed the Plaintiff in punitive segregation, as well as denied, and/or limited access to commissary, telephone calls and visits during the course of the four month detention, all in violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as 42

- 12 -

U.S.C. §1983. As a direct and proximate cause of all the named and unnamed Defendants unlawful actions, the Plaintiff suffered harm, injury, emotional pain and suffering.

## COUNT VI

### CITY OF PHILADELPHIA
### PURSUANT TO 42 U.S.C. §1983

46.    Paragraphs 1 through 45 of this Complaint are incorporated herein by reference.

47.    Pursuant to 42 U.S.C. §1983, the City of Philadelphia developed and maintained practices exhibiting deliberate indifference to the constitutional rights of individuals while incarcerated as pretrial detainees, including the policy regarding use of force, including the use of pepper spray to physically assault a pretrial detainee that is deemed "noncompliant" with an order. These policies and practices were the direct cause of the violation of which caused a violation of Plaintiff's Due Process rights in this case.

48.    It was the policy and/or custom of the City of Philadelphia to inadequately and improperly investigated claims of excessive force by Correctional Officers acting under the color of state law, against pretrial detainees and inmates, specifically, using excessive force and pepper spray for pretrial detainees who are deemed "noncompliant" with an order.

49.    It was the policy and/or custom of the City of Philadelphia to inadequately supervise, train, retrain and discipline its correctional officers, including the Defendant correctional officers in this case, thereby failing to adequately discourage further constitutional violations on the part of its correctional officers. The City of Philadelphia Department of Corrections does not require the appropriate in-service training or retraining of its correctional officers who are known to have engaged in use of excessive force.

- 13 -

50.    As a result of the above-described policies and customs, the Correctional Officers of the City of Philadelphia, including the Defendant correctional officers named in this case, believe that their actions would not be properly monitored by supervisory officers, and that the misconduct, including the use of excessive force, would not be investigated or punished, but rather would be tolerated.

51.    The above-described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the City of Philadelphia, including Defendant Commissioner Blanche Carney to the constitutional rights of persons within the City of Philadelphia's prisons, specifically the rights set forth in the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as well as 42 U.S.C. §1983, and were the direct cause of the violations of the Plaintiff's rights alleged therein.

## COUNT VII

## CITY OF PHILADELPHIA
## PURSUANT TO 42 U.S.C. §1983

52.    Paragraphs 1 through 51 of this Complaint are incorporated herein by reference.

53.    Pursuant to 42 U.S.C. §1983, the City of Philadelphia developed and maintained practices exhibiting deliberate indifference to the constitutional rights of individuals while incarcerated as pretrial detainees including the policy regarding disciplinary proceedings which caused a violation of the Plaintiff's rights in this case.

54.    It was the policy and/or custom of the City of Philadelphia to inadequately and improperly investigate claims that the Philadelphia Correctional Officers have used excessive force against pretrial detainees and inmates, and then falsely accuse the inmate, subjecting them

- 14 -

to administrative disciplinary proceedings designed to protect the correctional officers from accusations of wrong doing. The disciplinary proceedings as implemented undermine an accused inmate's due process rights by failing to provide a fair and independent disciplinary hearing process. The Philadelphia Prison policy personnel and Officials in charge of this disciplinary process, including the Defendant Warden and Defendant Commissioner, were acting under the color of state law in violating the Plaintiff's right to a fair and independent disciplinary process, in violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

55. As a result of the above-described policies and customs, the Correctional Officers of the City of Philadelphia, including the Defendant correctional officers named in this case, believe that their actions would not be properly monitored by supervisory officers, and that the misconduct including the use of excessive force would not be investigated or punished, but rather would be tolerated. Furthermore, the actions of the Defendant Officers would be protected by an inmate disciplinary process which would protect them from accusations of misconduct by an inmate.

56. The above-described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the City of Philadelphia, including Defendant Commissioner Blanche Carney to the constitutional rights of persons within the City of Philadelphia's prisons, specifically the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. §1983, and were the direct cause of the violations of the Plaintiff's rights alleged therein.

## COUNT VIII

## COMMON LAW ASSAULT AND BATTERY AGAINST DEFENDANT CORRECTIONAL OFFICERS CORRECTIONAL OFFICER S. CHRISTIAN,

57.    Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth.

58.    On or about November 10, 2016, , Defendants Correctional Officer S. Christian, Correctional Officer E. Koc, Correctional Officer C. Gutierrez, Correctional Officer G. Rodriquez, Sergeant Santiago, acted alone, jointly and/or in concert and conspiracy, did knowingly, intentionally, maliciously, recklessly commit an assault and battery upon the Plaintiff resulting in harm, injury, emotional pain and suffering.

59.    As a result of the conduct of Defendants Correctional Officer S. Christian, Correctional Officer E. Koc, Correctional Officer C. Gutierrez, Correctional Officer G. Rodriquez, Sergeant Santiago, the Plaintiff suffered harm, injury, emotional pain and suffering.

60.    The actions and conduct of the Defendants Correctional Officer S. Christian, Correctional Officer E. Koc, Correctional Officer C. Gutierrez, Correctional Officer G. Rodriquez, Sergeant Santiago, exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and therefore, punitive damages are necessary and appropriate.

- 16 -

WHEREFORE, the Plaintiff requests the following relief:

    (a)    Compensatory damages to the Plaintiff against the Defendants jointly and severally;

    (b)    Punitive damages to the Plaintiff against the Defendants jointly and severally;

    (c)    Reasonable attorney's fees and costs to the Plaintiff;

    (d)    Such other and further relief as appears reasonable and just.


_____

Paul J. Hetznecker, Esquire
Attorney for Plaintiff, Eric Adams


Date:   March 16, 2017